# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 6, 2011

No. 10-60587
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHELBY BOLDEN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:09-CR-55-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Shelby Bolden appeals the statutory mandatory minimum 10-year sentence he received after pleading guilty to possession with intent to distribute 50 grams or more of a mixture and substance containing cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) . Bolden argues that the district court erred in denying a safety valve reduction because the Government's assertion that he was untruthful was based on mere conjecture. He further asserts that the Fair Sentencing Act of 2010 (FSA) should be applicable to his case because his appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was still pending at the time Congress enacted the provision. Additionally, Bolden argues that because the FSA imposed only a procedural change, it is exempt from the Savings Clause. Bolden's motion to file his reply brief and record excerpts under seal is GRANTED.

This court reviews the district court's decision whether to grant a safety valve adjustment for clear error. *United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006). Here, the district court made an "independent determination," concluding that Bolden's testimony was not credible and that, as evidenced by the credibility and demeanor of all the witnesses, Bolden had not been completely truthful with the Government. *See United States v. Miller*, 179 F.3d 961, 968 (5th Cir. 1999). We afford great deference to the district court's credibility determination. *United States v. Powers*, 168 F.3d 741, 753 (5th Cir. 1999). Moreover, the district court's factual determination is plausible in light of the entire record. *See United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996). Accordingly, the district court did not clearly err in denying a safety valve reduction based on Bolden's failure to truthfully and fully disclose to the Government. *See Miller*, 179 F.3d 961 at 968.

Bolden's assertion that the FSA is applicable to his case is equally without merit. We have held that pursuant to the federal Savings Clause, which requires courts to apply the penalties in place at the time the defendant committed the offense unless the relevant act expressly states otherwise, *see* 1 U.S.C. § 109, the FSA's reduction of statutory penalties in § 841 was not retroactive. *United States v. Doggins*, __ F.3d __, 2011 WL 438935, at *4 (5th Cir. Feb. 9, 2011). Bolden committed the instant offense on July 24, 2008; therefore, the FSA is of no benefit to him in spite of the fact that his appeal was still pending when the FSA was enacted. *See id.* Accordingly, the judgment of the district court is AFFIRMED.